PAULA D. PEARLMAN (SBN 109038)
Paula.Pearlman@lls.edu
MICHELLE UZETA (SBN 164402)
Michelle.Uzeta@lls.edu
KUNTI DUDAKIA (SBN 279090)
Kunti.Dudakia@lls.edu
TREVOR FINNEMAN (SBN 275131)
Trevor.Finneman@lls.edu
**DISABILITY RIGHTS LEGAL CENTER**
800 S. Figueroa St., Ste 1120
Los Angeles, California 90017
Tel: (213) 736-1496
Fax: (213) 736-1428

*Attorneys for Plaintiff Jennie Santillan*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIE SANTILLAN,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a public entity; COUNTY OF LOS ANGELES, a public entity,<br><br>    Defendants. | Case No.: 11-CV-7859 GAF (SHx)<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR SANCTIONS AGAINST THE CITY OF LOS ANGELES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**FED. R. CIV. P. 37(B)(2)**<br><br>*[Proposed order filed concurrently herewith]*<br><br>Magistrate Judge: Hon. Stephen J. Hillman |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 7-19 and Fed. R. Civ. P. 37, Plaintiff Jennie Santillan, hereby submits the following ex parte application for an order issuing sanctions against Defendant City of Los Angeles.

1
MOTION FOR SANCTIONS

The application will be made on the grounds that Defendant has "fail[ed] to obey an order to provide or permit discovery under Rule 26(f), 35, or 37(a)"[1], by failing to comply with the Court's August 22, 2012 Order on Discovery (Docket No. 66).

This application is made *ex parte* because of the immediacy of pending deadlines. It is made in good faith and with no improper purpose. If Plaintiff was to submit a regularly noticed Motion for Sanctions, it would be impossible to have the matter heard prior to the passing of the current October 12, 2012 deadline for filing of dispositive motions; motions for which Plaintiff seeks the requested discovery. Thus, the Court is respectfully requested to consider this Application on an *ex parte* basis for the reasons set forth above.

This *ex parte* application is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Kunti Dudakia, all pleadings and papers on file herein, all matters of which the Court may take judicial notice, and such oral argument as the Court might entertain at a hearing on this application.

Dated: September 18, 2012

DISABILITY RIGHTS LEGAL CENTER

By: /s/ Kunti Dudakia
Kunti Dudakia
Attorney for Plaintiff

---

[1] Fed. R. Civ. P. 37(b)(1)(A).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 37(b)(2) and L.R. 7-19, Plaintiff Jennie Santillan, ("Plaintiff"), hereby moves ex parte for sanctions against the City of Los Angeles ("City Defendants"). In willful defiance of Magistrate Judge Stephen Hillman's August 22, 2012 Order on Discovery Motions (Docket No. 66), City Defendants have:

1. Failed to produce *any* responses to Plaintiff's Interrogatories, Set One Nos. 2-4;
2. Produced responses to Plaintiff's Interrogatories, Set One Nos. 5-8 that were inaccurate and/or incomplete[2]; and
3. Responded to Plaintiff's Request for Production of Documents Nos. 5-9 with documents they rendered illegible through excessive use of "confidential" markers over the text of every page of every document.

Accordingly, Plaintiff seeks: (a) a further order of the Court compelling Defendants to produce legible documents and information responsive to the above-mentioned Requests, or, in the alternative, that the Court issue an adverse inference jury instruction at the time of trial; (b) a judicial warning to Defendants that further discovery violations will result in default being entered against them; and (c) an order mandating Defendants to pay Plaintiff's reasonable expenses incurred in making this motion, including attorney's fees.

### II. LEGAL STANDARD

Rule 37(b) of the Federal Rules of Civil Procedure authorizes sanctions against a party who "fails to obey an order to provide or permit discovery under Rule 26(f),

---

[2] City Defendants only produced three additional pages (See Dudakia Decl. at ¶5, Exh. D) in response to our requests, which provides no new information and is a surprisingly low amount given the City contested our motion to compel policies and procedures in effect after the 2010 arrest and detention of Plaintiff.

3
MOTION FOR SANCTIONS

35, or 37(a)."[3] Sanctions may range in severity from monetary to case-dispositive preclusion or terminating sanctions.[4] The selection of the particular sanction is left to the discretion of the trial court.[5] Instead of or in addition to the orders above, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . . . [unless] the opposing party's nondisclosure, response or objection was substantially justified or other circumstances make an award of expenses unjust."[6] The disobedient party bears the burden of showing that the failure was justified or that special circumstances make an award of expenses unjust.[7]

### III. ARGUMENT

#### a. Plaintiff Complied With the Notice Requirements for Ex Parte Relief and Met and Conferred in Attempt to Avoid This Motion

Plaintiff's Counsel notified Colleen Smith, counsel for Defendant, on September 13, 2012, that she did not produce legible copies of documents in response to the Court's August 22, 2012 Order on Discovery. Dudakia Decl. at ¶3. In addition, the September 13th correspondence addressed Defendant's failure to produce *any* documents or responses to Interrogatories ("ROGS") No. 2-4 and the incomplete or inaccurate information provided in response to ROGS 5-8. Dudakia Decl. at ¶3. Ms. Smith denied the documents were illegible and provided no response to our other claims. Dudakia Decl. at ¶3. Plaintiff's counsel called counsel for the City on September 17, 2012 to provide notice of our intent to file the instant ex parte application and left a message with counsel's assistant Nina Lee and sent a

---

[3] Fed. R. Civ. P. 37(b)(1)(A).
[4] *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); 37(b)(2)(C).
[5] *See Nat'l Hockey League v. Metr. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976); *David v. Hooker, Ltd.*, 560 F.2d 412, 418-19 (9th Cir. 1977).
[6] Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).
[7] *See David*, 560 F.2d at 419; *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981).

confirming e-mail thereafter. Dudakia Decl. at ¶3.

### b. Defendants have Failed to Comply with the Court's August 22, 2012 Order to Produce Documents Responsive to Plaintiff's Document Requests.

Magistrate Judge Hillman's August 22, 2012 Order on Discovery ordered Defendants to produce documents responsive to Plaintiff's Document Requests 5 through 9 relating to or referring to the personnel and internal affairs records of officers involved in the arrest and detention of Plaintiff.[8] The Court held that such documents should be produced under protective order and Plaintiff agreed. However, the Defendants produced documents that are illegible and include an excessive amount of confidential markers; five per page, three of which obstruct the text of the documents. Dudakia Decl. at ¶4. In an email and letter dated September 13, 2012, Plaintiff requested Defendant produce legible copies of the produced documents, but Defendant refused, denying the compromised legibility of the document. Dudakia Decl. at ¶3. In addition, despite the Court's explicit Orders, Defendants have failed to produce *any* documents or responses to Interrogatories ("ROGS") Requests No. 2-4 and have produced incomplete or inaccurate information for ROGS 5-8. Dudakia Decl. at ¶5. For example, the Defendants response to ROGS 5-8 state: "The LAPD Manual current version is the Second Quarter of 2012. Relevant manual sections are bates stamped nos. 1044-1047 and 1312-1314." Dudakia Decl. at ¶5. However, the bate sections referred to are titled, "LAPD Manual 2010 1st quarter edition"; the manual for the Second Quarter of 2012 has yet to be produced. Dudakia Decl. at ¶5. Based on Plaintiff's review, the City's reference to previously propounded discovery is inaccurate and the dates simply do not match up. Dudakia Decl. at ¶6. The City must produce information and/or documents regarding its policies and procedures that are actually responsive to ROGS 5-8 to comply with the Magistrate's discovery

---

[8] Docket 66, paragraphs 1-2.

5
MOTION FOR SANCTIONS

order.

### c. Sanctions are Warranted

"If counsel or a party acts willfully, in bad faith, or is at fault in failing to comply with court orders, the Ninth Circuit has encouraged the exercise of the court's discretion to impose sanctions."[9] Furthermore, "[d]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault."[10] Because the record is clear that Defendants violated Magistrate Hillman's August 22, 2012 Order, and equally clear that Defendants' conduct was well within their own control, sanctions are warranted.

As noted above, sanctions may range in severity from monetary to case-dispositive preclusion or terminating sanctions.[11] In the instant case, Plaintiffs requests the Court issue (a) a further order of the Court compelling Defendants to produce documents responsive to the above-mentioned Requests, or, in the alternative, that the Court issue an adverse inference jury instruction at the time of trial; (b) a judicial warning to Defendants that further discovery violations will result in default being entered against them; and (c) an order mandating Defendants to pay Plaintiff's reasonable expenses incurred in making this motion, including attorney's fees.

The Ninth Circuit has set forth five factors to consider whether a given sanction is just: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.[12] Where a court order is violated, the crux of the analysis is the risk of prejudice to the party seeking sanctions, and the availability

---

[9] *G-K Properties v. Redevelopment Agency of the City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978).
[10] *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985).
[11] *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); 37(b)(2)(C).
[12] *See Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

of less dramatic sanctions.[13] Both factors are addressed below.

### i. Prejudice to Plaintiff

The Ninth Circuit has held that a party's failure to produce documents as ordered is considered sufficient prejudice to establish sanctionable conduct.[14] Moreover, in the Ninth Circuit prejudice from unreasonable delay is presumed.[15] Even if prejudice were not presumed, the prejudice here is particularly onerous in light of the significance of records sought to Plaintiff's ability to affirmatively prove her claims. With impending discovery deadlines approaching, the City's behavior should be presumed to be purposeful, with the intent to prejudice Plaintiff's case and compromise our ability to collect evidence prior to filing a dispositive motion.

The Requests sought include:

1. Policies and procedures in effect after the 2010 incident with verified dates and documents (ROGs 2-8)
2. Personnel and Internal Affairs Records relating or referring to the arrest and detention of the Plaintiff with only confidential markers on the margins to avoid obstructing the text of said documents (RPD 5-9)
3. Responses and/or Documents for ROGS 2-4 since none were provided

These documents are essential to Plaintiff in supporting her injunctive relief

---

[13] *See id.* ("We have said that where a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less dramatic sanctions, are decisive.").

[14] *See, e.g., Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004); *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997); *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

[15] *In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1236-37 (9th Cir. 2006) ("Prejudice from unreasonable delay is presumed. Failure to produce documents as ordered is sufficient prejudice, whether or not there is belated compliance.") (citing *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994)); *see also G-K Properties*, 577 F.2d at 647 (noting that "in this era of crowded dockets," willful disregard of court discovery orders – including "last minute tender of relevant documents" – merits sanctions based on the prejudice to the opposing party and the imposition on other litigants of the courts).

claim. The requested documents are also expected to demonstrate Defendant's knowledge of Ms. Santillan's disability and the discriminatory treatment she faced during her arrest and detention. Furthermore, if Defendant's policies and procedures reveal changes as a result of this litigation, Plaintiff is entitled to this information. Without access to the above-referenced discovery, to which she is clearly entitled, Plaintiff will be severely prejudiced.

### ii. *Less drastic sanctions are not available*

Defendants' ongoing refusal to comply with Magistrate Hillman's August 22, 2012 Order on Discovery is willful and in bad faith. It is Plaintiff's position that the sanctions requested are appropriate under the circumstances, and that no less drastic sanction is available.

### IV. TELEPHONE NUMBERS OF COUNSEL (L.R. 7-19)

The name, address, telephone number and e-mail address of counsel for the Defendant is as follows:

**Counsel for the City of Los Angeles:**
Colleen R. Smith, Esq. (colleen.smith@lacity.org)
200 North Main Street, 6th Fl.
City Hall East, Los Angeles, CA 90012
Phone: (213) 978-7027

### V. CONCLUSION

On the basis of the foregoing facts and law, Plaintiff respectfully requests that the Motion for Sanctions be granted.

DATED: September 18, 2012

DISABILITY RIGHTS LEGAL CENTER

By /s/ Kunti Dudakia
Kunti Dudakia
Attorney for Plaintiff