**CARMEN A. TRUTANICH**, City Attorney (SBN 86629x)
**GARY G. GEUSS**, Chief Assistant City Attorney
**CORY M. BRENTE**, Supervising Assistant City Attorney (SBN 115453)
**COLLEEN R. SMITH**, Deputy City Attorney (SBN 209719)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Email: Colleen.Smith@lacity.org
Phone No.: (213) 978-7027, Fax No.: (213) 978-8785

Attorneys for Defendant **CITY OF LOS ANGELES**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIE SANTILLAN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a public entity; COUNTY OF LOS ANGELES, a public entity,<br><br>　　　　　　Defendants. | Case No. CV11-07859 GAF (SHx)<br>*Hon. Gary A. Feess- Ctrm. 740 Roybal*<br>*Hon. Mag. Stephen J. Hillman - Ctrm.550 Roybal*<br><br>**DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS**<br><br>PRE-TRIAL<br>CONF DATE:　April 15, 2013<br>TIME:　　　　3:30 p.m.<br><br>TRIAL DATE:　April 30, 2013<br>TIME:　　　　8:30 a.m.<br>CRTM:　　　　740 Roybal |

**TO THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

Defendant CITY OF LOS ANGELES respectfully requests the Court to ask the following proposed voir dire questions, or in the alternative, Defendant asks that the Court formulate its own questions to inquire about the general subject matter of the categories listed below.

///

///

1

**EVIDENCE/BURDEN OF PROOF**

1. Do all of you understand that the burden of proving this case rests solely with Plaintiff?

2. Do all of you understand that the Defendant is not required to call any witnesses or produce any evidence?

3. Would any of you hold it against the Defendant if it elected not to call any witnesses or produce any evidence?

4. Do all of you understand that the Complaint in this case is merely an allegation and is not evidence of wrongdoing?

5. Does anyone feel that because Plaintiff filed a lawsuit, the allegations are more likely true than not?

6. Does anyone feel that because Plaintiff was in a wheelchair at the time of the alleged incident that her allegations are more likely true than not?

**JURORS PRIOR EXPERIENCES WITH THE LOS ANGELES POLICE DEPARTMENT OR THE CITY OF LOS ANGELES**

7. Do any of the prospective JURORS know any police officers?

8. Has anyone on the panel of prospective JURORS ever had a bad experience with the City of Los Angeles or any other municipality?

9. Has anyone on the panel of prospective JURORS ever had a bad experience with the Los Angeles Police Department or any other police department?

10. Does anyone on the panel of prospective JURORS know anyone who has a bad experience with the City of Los Angeles, the Los Angeles Police Department or any other police department or municipality?

11. Has anyone on the panel of prospective JURORS ever been injured by an employee of the City of Los Angeles or the Los Angeles Police Department?

///
///

12. Does anyone on the panel of prospective JURORS know anyone who has ever been injured by an employee of the City of Los Angeles or the Los Angeles Police Department?

13. Has anyone on the panel of prospective JURORS ever filed suit against the Los Angeles Police Department, the City of Los Angeles or any other police department or municipality?

14. Does anyone on the panel of prospective JURORS know anyone who has ever filed suit against the Los Angeles Police Department, the City of Los Angeles or any other police department or municipality?

15. Has anyone on the panel of prospective JURORS ever been a party to any litigation? And, if so, please state the nature of the claim and the substance of your involvement in the lawsuit.

16. Has anyone on the panel of prospective JURORS ever been employed by the City of Los Angeles in any capacity?

17. Has anyone on the panel of prospective JURORS ever made a claim for violation of his/her constitutional rights?

18. Does anyone on the panel of prospective JURORS know anyone who has made a claim for violation of his/her constitutional rights?

19. Has anyone on the panel of prospective JURORS ever filed a claim against the City of Los Angeles or any other governmental agency or municipality? If yes:

    a. Did you feel that you were treated fairly regardless of the result of the claim?

    b. Do you have any animosity toward the agency as a result of such claim?

## **TECHNICAL AND/OR MEDICAL BACKGROUNDS**

20. Do any of the prospective JURORS have any legal training, any law enforcement experience or training or any military experience? If so:

      a)     What is your knowledge and/or training or experience?

      b)     Where, when and how did you acquire this knowledge and/or training?

      c)     Do you think this would affect your ability to be a fair and impartial juror? If yes, why?

21. Do any of the prospective JURORS have any medical experience, training or degrees?

      a)     What is your knowledge and/or training or experience?

      b)     Where, when and how did you acquire this knowledge and/or training?

      c)     Do you think this would affect your ability to be a fair and impartial juror? If yes, why?

22. Do any of the prospective JURORS know anyone who has any legal training, any law enforcement experience or training, any military experience or training or any medical experience, training or degrees?

      a)     What is his/her knowledge and/or training or experience?

      b)     What is your relationship with him/her?

      c)     Do you think this would affect your ability to be a fair and impartial juror? If yes, why?

23. Do any of the prospective JURORS belong to any professional organization or community group? If yes, which one(s)?

24. Do any of the prospective JURORS have any scientific experience, training or degrees?

      a)     What is your knowledge and/or training or experience?

      b)     Where, when and how did you acquire this knowledge and/or training?

      c)     Do you think this would affect your ability to be a fair and impartial juror? If yes, why?

///

///

///

4

25. Do any of the prospective JURORS have any experience, training or knowledge on the process of obtaining a wheelchair through any insurance provider, including Medi-Cal?

    a) What is your knowledge and/or training or experience?

    b) Where, when and how did you acquire this knowledge and/or training?

    c) Do you think this would affect your ability to be a fair and impartial juror? If yes, why?

## MISCELLANEOUS

26. Can you be completely fair and impartial towards the City of Los Angeles in this trial?

27. Do you promise to follow the law as the judge instructed whether you like it or do not like it or agree or disagree with it?

28. Is there anything that you think the Court, counsel or the parties should know about your qualifications to sit as a juror in this case?

29. Would any of you have difficulty making a common sense and reasoned decision based on the evidence presented in this case and without emotion or passion?

30. Do any of you feel that you would take money from the Defendant and give it to Plaintiff, merely because you feel sympathy towards them?

31. Do any of you feel that Plaintiff should recover something merely because they took the time to file a lawsuit?

32. Are any of you acquainted with the name of the judge, any attorney, any party or witness to this case? If yes, please explain.

///
///
///
///
///

33. Would any of you prefer not to sit as a juror in this case for any reason other than economic hardship? If yes, please explain.

DATED: April 5, 2013

CARMEN A. TRUTANICH, City Attorney
GARY G. GEUSS, Chief Assistant City Attorney
CORY M. BRENTE, Assistant City Attorney

By _____
COLLEEN R. SMITH, Deputy City Attorney

*Attorneys for Defendant* **CITY OF LOS ANGELES**